**JUSTICE, Admx., Plaintiff, v. ROSE, Sheriff et, Defendants.**

Common Pleas Court, Lawrence County.

No. 34627.   Decided January 11, 1956.

Henry & Burwell, Ironton, for plaintiff.
Andrews, Edwards & Klein, Harold D. Spears, Ironton, for defendants.

## OPINION

By EARHART, J.

This case is before the Court on the second amended petition of the plaintiff and a demurrer filed by the Sheriff of Lawrence County Carl E. Rose, the defendant herein to the plaintiff's second amended petition. The petition consists of three causes of action, however, for the purposes of this demurrer, the Court is only concerned with the first cause of action.

The case involves the death of Clair Justice, a prisoner who was confined in the Lawrence County Jail. The plaintiff alleges that an affidavit was filed in the Probate Court of Lawrence County, Ohio, charging the decedent Clair Justice as being mentally ill and in need of treatment; that a warrant of detention was issued out of the Probate Court of said county for his apprehension and detention and that on the 4th day of June, 1955, the Sheriff of Lawrence County by one or more of his duly authorized deputies, acting in their official capacity, did apprehend and take into custody the said decedent Clair Justice, and imprisoned him in the Lawrence County Jail on the first floor of said jail with convicted criminals and other persons charged with criminal acts.

The plaintiff alleges that the decedent Clair Justice while confined on the first floor of the county jail was beaten and injured, receiving a bruise to the back of the skull and two fractures to the front of the skull, injuries to the eye, bruises, contusions, and abrasions about the arms and that as a result of said injuries, the decedent on the 8th day of June, 1955 died in the Lawrence County General Hospital at Ironton, Ohio.

The plaintiff alleges that the defendant Carl E. Rose, Sheriff of Lawrence County was negligent in his duty in that he failed to keep the decedent safely by permitting Carl Baldwin (another prisoner) to inflict injuries to the decedent as heretofore set out. All of which occurred while the decedent was confined in the county jail. Plaintiff alleges that the defendant Carl E. Rose as Sheriff of Lawrence County was further negligent in that he failed to place the decedent in a place provided by the county Commissioners of Lawrence County, Ohio, for mental patients and persons in his custody in said condition; that the defendant Carl E. Rose was negligent in failing to furnish reasonable protection to the decedent while the decedent was in his care, custody and control, and that the said defendant Carl E. Rose as Sheriff of Lawrence County by said acts has failed to faithfully perform the duties of his office and that as a direct and proximate result of the negligence and misconduct as hereinabove set forth, the plaintiff has been damaged in the sum of $50,000.00.

To this second amended petition the defendant Carl E. Rose has filed a demurrer claiming that the second amended petition fails to state a cause of action. Briefly stated, the position of the defendant is that his duty is a duty to exercise ordinary care under all the circumstances for the safety of a prisoner committed to his custody; that the acts which were committed against the decedent which resulted in his death were

according to the petition administered by a fellow prisoner and that he could not be held on the theory of negligence where a third party has committed a criminal act which breaks the chain of causation between the negligence of the Sheriff and the wounds received by the decedent.

It is the postion of the plaintiff that the petition does state a cause of action for the reason that §341.01 R. C., provides that the Sheriff has the duty to keep safely persons confined in the County Jail; that the negligence of the defendant Carl E. Rose as Sheriff of Lawrence County flows from a violation of this Statute and that the decedent Clair Justice not having been kept safely by the Sheriff, the Sheriff was negligent and therefore liable for the death of the plaintiff's decedent.

The question presented by this case is whether or not there is a cause of action against the Sheriff of Lawrence County, and whether or not §341.01 R. C., makes the Sheriff a guarantor of the physical safety of prisoners confined to a jail.

Sec. 341.01 R. C., provides as follows:

"The Sheriff shall have charge of the County Jail and all persons confined therein. He shall keep such person safely, attend to the jail, and govern and regulate the jail according to the rules and regulations prescribed by the Court of Common Pleas."

Sec. 341.09 R. C., provides as follows:

"When the construction of a county jail will permit, the separation of prisoners shall be maintained and no prisoners in such jail, awaiting trial, shall be placed or allowed to remain in the same cell or room with another prisoner.

"Judges of the Court of Common Pleas in prescribing rules for the government of county jails as provided by §341.06 R. C., shall provide for the enforcement of this section."

The petition of the plaintiff summarized alleges that the decedent Clair Justice was placed in the custody of the Sheriff and placed in the county jail and met his death as a result of an assault by a third party by the name of Carl Baldwin. It is not alleged that Carl Baldwin is a Deputy Sheriff or has any official capacity with the Sheriff's Department. In this connection, 29 O. Jur., page 500, reads as follows:

"Wrongful acts of independent third persons, not actually intended by the defendant, are not regarded by the law as natural consequences of his wrong, and he is not bound to anticipate the general probability of such acts, any more than a particular act by this or that individual."

In 41 American Jurisprudence, page 894 appears the following:

"While the primary duty of the custodian is to the state, to keep a prisoner safe may be said to be paramount, to that of affording the prisoners life and health, yet the former duty is usually said to be more compulsory than the latter, but the two duties have been said to be coextensive. The general rule gathered from the cases which have considered the question is that in order to hold an officer in charge of a jail or prison liable for an injury inflicted upon one prisoner by another prisoner, there must be knowledge on the part of such officer that such injuries will be inflicted, or good reason to anticipate danger thereof, and negligence in failing to prevent the injury."

"It is essential to any recovery by the prisoner that he allege that the injuries did not result as a consequence of his own wrongful acts, in view of the presumption of due performance of official duty by the custodian. A jailer must exercise reasonable and ordinary care and diligence to prevent unlawful injury to a prisoner placed in his custody, but he cannot be charged with negligence in failing to prevent what he could not reasonably anticipate."

In 72 Corpus Juris Secundum, page 866, appears the following:

"While a breach of a prison or jail officials duty to use reasonable care to prevent injuries to a prisoner by his fellow prisoners may subject him to liability for the injuries proximately caused thereby, he is not liable for an injury for which his act or neglect was not the proximate cause, or where he had no reason to anticipate the injury."

It is my opinion that the second amended petition having alleged an intervening criminal act on the part of a third party, the Sheriff could not be held liable under the common law rules of negligence. The liability of the Sheriff under these circumstances, if any, would be under §341.01 R. C., quoted above, and it is the claim of the plaintiff that the liability of the Sheriff flows out of the duty placed upon the Sheriff to keep prisoners committed to his custody safely.

I find no Ohio cases on this point. The plaintiff has cited in his brief the case of the State of Ohio v. Harland, 51 O. O. 448, also reported in 94 Oh Ap 293. In the Harland case, the Court held in essence that a Sheriff could not be held criminally liable for the acts or misconduct of his deputies. The case now under consideration in no way involves criminal liability of the Sheriff and is not in point in so far as the question presented by this case is concerned. I am unable to find any other reported cases in Ohio which deal with the specific question presented by this case.

The plaintiff has cited certain cases in Kentucky which deal with the duties of a jailer with respect to the care and safety of the prisoners. The first case referred to in the plaintiff's brief is that of Ratliff v. Stanley, 224 Kentucky, page 819, also reported in 7 Southwestern, the Second, Page 230 where a prisoner was assaulted while confined in jail and the Court held that the jailer had a duty to exercise ordinary care to prevent unlawful injuries to a prisoner placed in his custody.

In Syllabus 4 of said case appears the following:

"The law imposes duty on jailer to exercise reasonable and ordinary care and diligence to prevent unlawful injury to prisoner placed in his custody, though jailer is not charged with negligence in failing to prevent what he could not reasonably anticipate."

It should be noted in connection with these cases cited from the State of Kentucky that the Statutes of Kentucky provide for the office of jailer which is separate and distinct from the office of Sheriff. The jailer is elected by a vote of the people and the duties of the jailer are specifically provided for by Statute, and the cases cited refer to the duty owed by a jailer to the prisoners confined in their jails and involve the interpretation of a Statute which is not comparable to the duties provided by Ohio Statutes for a Sheriff.

There are two lines of authority as to the duties of a Sheriff towards a prisoner confined in his jail where he is assaulted or injured by a third party. In 14 A. L. R., the Second, Page 354, I note the following:

"The cases are not in accord as to what duty, if any, the Sheriff or other officer owes to the prisoner, and if a duty is owed to the convict, the extent thereof. Generally it is held that the Sheriff has the obligation to keep the prisoner safely, but some courts hold that this duty is to the public only while other cases state that the obligation is to the prisoner and also includes the obligation to accord him humane and decent treatment, and the violation of which the officer is liable in damages to the party injured.

"The majority of courts hold that the Sheriff or other officer, owes a duty to the prisoner to keep him safely and to protect him from unnecessary harm and it has also been held that the officer must exercise reasonable and ordinary care for the life and health of the prisoner. This general principle has been expressly affirmed or impliedly recognized (by holding such officers liable for injury to prisoners under the particular circumstances) in many cases."

There are a large number of jurisdictions which take the contrary view and hold that a Statute which provides that a Sheriff must keep a prisoner safely has reference to the protection of the public and that the duty of the Sheriff is to protect the public by not permitting prisoners to escape and do harm to members of the public.

In Stinnett v. City of Sherman, a Texas case reported in 65 S. W. page 846, where the City of Sherman had an Ordinance requiring the Chief of Police to "safely keep all prisoners confined therein" and where an insane prisoner stabbed another prisoner, the Court held that no cause of action accrued to the victim, as the Ordinance was passed for the protection of the public, and that the inmate who was stabbed had no cause of action under the Ordinance.

There are many cases which hold that a Sheriff is liable to a prisoner where he permits a "Kangeroo Court" to be operated in his jail and where he allows the prisoners to punish other prisoners for a breach of prison discipline or for a violation of the laws of the "Kangeroo Court." The theory on which the Sheriff is held in these cases is that he knows of the operation of such a court and knows that the penalties inflicted by the other prisoners consist of physical violence and that having such knowledge and permitting such a court to operate, he is held liable for an assault upon a prisoner in his custody.

It seems to be the general rule that in order to hold a Sheriff or jailer for assault of one prisoner by another, the Sheriff or jailer must have actual knowledge of the dangerous character of the prisoner committing the assault.

It is my opinion that §341.01 R. C., was passed as a measure to protect the public and that the provision that the Sheriff must safely keep a prisoner was intended by the Legislature to protect the public and to place a duty upon the Sheriff to keep prisoners under his control from being allowed outside the confines of the jail where harm might be done to some other citizen, but in no way changes the common law rule requiring only that a Sheriff exercise ordinary care for the protection

and safety of prisoners confined to his jail. To hold otherwise would be to put an impossible burden upon the Sheriff. To hold that §341.01 R. C., makes the Sheriff a guarantor of the safety of the prisoner would make him liable for an assault by one prisoner on another and it is my opinion that the Legislature did not intend to place this burden upon a Sheriff.

The Lawrence County Jail, except for plumbing and heating facilities is roughly comparable to the "Black Hole of Calcutta." For many years each grand jury has recommended the construction of a new jail to replace this architectural monstrosity, but to date no new jail has been constructed. The County Commissioners have not enlarged, expanded, or remodeled the jail so that mental prisoners may be separated from other prisoners, no padded cells have been provided. To hold that under §341.01 R. C., the Sheriff is a guarantor of the safety of prisoners under circumstances existing in our county jail would be a preposterous requirement, and one not contemplated by the General Assembly.

I conclude therefore, that a Sheriff has no liability in damages under §341.01 R. C., where a prisoner is assaulted by another prisoner and does not under this Statute become a guarantor of the safety of all prisoners in his custody.

The plaintiff also claims in his petition that the Sheriff failed to confine the decedent in a place provided by the County Commissioners of Lawrence County, Ohio, for the confinement of mental patients. This is a conclusion of law. There is no indication or allegation or no resolution is plead whereby the County Commissioners of this county have ordered insane or mentally ill persons confined in a place separate from other prisoners, and as plead in the petition, this allegation is a conclusion.

For the reason given above, the demurrer to the first cause of action is hereby sustained. The second and third cause of action of said petition are not important in so far as the question presented by this case is concerned. The second and third cause of action refer to the liability of the bondsman of the Sheriff, and of course, if the Sheriff has no liability, neither do the bondsmen.

An entry may be prepared accordingly.